**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 29, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20988
_____

HALEY KING,

Plaintiff-Appellant,

versus

CONROE INDEPENDENT SCHOOL DISTRICT; ET AL.,

Defendants,

CONROE INDEPENDENT SCHOOL DISTRICT; DON STOCKTON,

Defendants-Appellees.

On Appeal from the United States District Court
for the Southern District of Texas, Houston
No. 4:03-CV-1295

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Haley King appeals the district court's grant of summary judgment to defendants Conroe Independent School District ("CISD") and Principal Don Stockton ("Stockton") on her claims arising out of sexual abuse committed against her by Felicia Shupp, a volleyball coach employed by CISD. Having carefully and independently reviewed the record, and having found no reversible error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The summary judgment evidence reveals the following details. What began as a friendship between a coach and a student-athlete during the 1997-1998 school year, when King was an eighth-grade student at CISD's McCullough Junior High School, erupted into a physical relationship during the summer of 1998, and shortly thereafter evolved into a long period of frequent sexual contact.

In the fall of 1998, as the physical abuse was just beginning, Ruth Stayton, a parent of a McCullough student, overheard her son and his friend discussing an "affair" between a female coach and a female student, in which the student and coach were seen kissing and passing notes. She reported what she had heard to McCullough principal Don Stockton, but did not give her own name and could not identify the student.[1] The conversation occurred in a busy hallway and lasted only a few minutes. Stockton stated he was unaware of any such relationship and did not think the report was true, but that he would speak with Shupp. Stockton and vice-principal Gale Drummond later met with Shupp. Shupp denied any inappropriate relationship, and Stockton and Drummond warned her to keep her relationships with students professional at all times. Curiously, Stockton claims not to remember the conversation with Stayton or the meeting with Shupp, although he

---

[1] Stayton's recollections differ as to whether she identified the coach. In her 2002 statement to police, Stayton claimed she told Stockton she "thought the name of the coach was Shupp." However, in her 2004 affidavit, she states it was Stockton who mentioned Shupp by name. Nonetheless, it is clear that Stockton knew to which coach Stayton was referring, as Shupp was the only coach with whom he subsequently met to discuss the alleged abuse.

does not deny they occurred.[2]  No further action or investigation was taken by Stockton or other CISD officials.

The abuse finally ended in December 2001, almost three and a half years after it had begun.  In January 2002, King reported Shupp to the police.  Shupp pled guilty to sexual assault of a child and was sentenced to seven years deferred adjudication and forty-five days in the county jail.

In April 2003, King sued CISD, Stockton, and Shupp, asserting violations of 42 U.S.C. § 1983 and Title IX, 20 U.S.C. § 1681, as well as state law claims of negligence and gross negligence.  After dismissing the state law claims and severing the case against Shupp, the district court granted summary judgment to Stockton based on qualified immunity, and later granted summary judgment to CISD.  The district court also denied King's motion to enlarge time to conduct additional discovery.  King now appeals.

This court reviews the district court's grant of summary judgment de novo, applying the same legal standards as the district court.  Mayo v. Hartford Life Ins. Co., 354 F.3d 400, 403 (5th Cir. 2004).  Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[2] Stockton claims that he has no memory of the sexual abuse allegations.  Stockton's memory deficiencies, however, are ultimately irrelevant to the legal analysis.

3

to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court must review the facts in the light most favorable to the nonmovant. Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000).

King alleges that Stockton violated § 1983 because he was the principal of the school where Shupp worked and knew or was placed on notice of, but failed to stop, the sexual relationship. See Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 445 (5th Cir. 1994) (en banc). A supervisory school official can be held liable under § 1983 for an employee's sexual abuse of a student when:

> (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing the student; and

> (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and

> (3) such failure caused a constitutional injury to the student.

Id. at 454.

Assuming arguendo that Stayton's conversation provided Stockton with notice of the sexual abuse, King cannot establish that Stockton acted with deliberate indifference toward her constitutional rights. Stockton met with Shupp, questioned her about the alleged relationship, and, upon receiving a denial, warned her to keep her relationships with students professional at all times. Based on the limited information he had, such action satisfies the Doe v. Taylor standard. See id. at 456 n.12 ("We can

4

foresee many good faith but ineffective responses that might satisfy a school official's obligation in these situations, e.g., warning the state actor, notifying the student's parents, or removing the student from the teacher's class.").

Although his actions did not prevent the subsequent abuse and suffering, "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity." Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 219 (5th Cir. 1998). Additionally, while King contends that Stockton failed to follow CISD policies to investigate the abuse, such a failure does not give rise to liability unless the plaintiff can first prove "that all of the procedures...were obviously necessary." Hagan v. Houston Indep. Sch. Dist., 51 F.3d 48, 53 (5th Cir. 1995). In light of the limited information Stayton gave Stockton, further action was not "obviously necessary."

The test for this court to apply is not whether Stockton did all he could, or should, have done, but whether he acted with deliberate indifference to King's constitutional rights. Because there is no genuine issue of material fact concerning whether Stockton acted with deliberate indifference, he is entitled to qualified immunity on King's § 1983 claim.

5

CISD is similarly entitled to summary judgment on King's Title IX, 20 U.S.C. § 1681, claim,[3] as she is unable to raise a fact issue that any CISD employee with supervisory authority over Shupp knew about the sexual abuse and failed to stop it.[4]

Finally, King moved for a continuance before the district court to enable her to conduct additional discovery on the knowledge and authority of five individuals she claimed could impute liability to CISD. We review this ruling for abuse of discretion. Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 364 F.3d 274, 304 (5th Cir. 2004). In requesting more time, King failed to show how further discovery would create a genuine issue of material fact, and instead "simply rel[ied] on vague assertions that additional discovery will produce needed, but

---

[3] Recovery of damages from a school district for a teacher's sexual harassment of a student requires proof that (1) a school district employee with supervisory power over the offending teacher (2) had actual notice of the harassment and (3) responded with deliberate indifference. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290, 118 S. Ct. 1989, 1999 (1998). To qualify as a supervisory employee, the school official must serve in a position "with the authority to repudiate that conduct and eliminate the hostile environment." Rosa H. v. San Elizario Indep. Sch. Dist., 106 F.3d 648, 661 (5th Cir. 1997)(internal quotation marks omitted)(emphasis in original). This test omits "the bulk of employees, such as fellow teachers, coaches, and janitors." Id. at 660.

[4] Stockton did not act with deliberate indifference based on the limited information he received. King has not proven that the other CISD individuals she identified had both knowledge of the abuse and the necessary supervisory authority over Shupp. See Gebser, 524 U.S. at 290, 118 S. Ct. at 1999. Vice-principal Gale Drummond had similar information to Stockton and took similar action; she was therefore not deliberately indifferent. Athletic directors Karen Heintz and William Willig had neither supervisory authority over Shupp, nor actual knowledge of the abuse. Although Ginger Leflar, Shupp's mother, witnessed the abuse and therefore clearly had knowledge of it, as a fellow teacher, she is not a supervisory official whose conduct can be imputed to CISD. See Rosa H., 106 F.3d at 660-61. Finally, King cannot show that the unidentified office employee with whom Stayton spoke before her discussion with Stockton had any sort of supervisory authority over Shupp. See id.

6

unspecified, facts." <u>Beattie v. Madison County Sch. Dist.</u>, 254 F.3d 595, 606 (5th Cir. 2001)(internal quotation marks omitted). The district court did not abuse its discretion.

The events leading up to this suit are tragic. In hindsight, many people could have acted to prevent Haley King's abuse. However, based on the precedent in this circuit, King is not able to create material fact issues suggesting that the CISD officials' ineffective, and perhaps negligent, actions amounted to deliberate indifference of her statutory or constitutional rights. The judgment of the district court granting summary judgment to CISD and Stockton is therefore **AFFIRMED.**